CV 13 2448

U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK
2013 APR 23 PM 12:23
FILED CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEVEN SZANTO, on behalf of himself and all others similarly situated,

Plaintiff, MAUSKOPF, J.

-against-

IL BACCO RISTORANTE, INC. d/b/a IL BACCO and JOSEPH OPPEDISANO,

Defendants. ORENSTEIN, M.J.

**COMPLAINT**

**COLLECTIVE ACTION**

**ECF CASE**

**JURY TRIAL DEMANDED**

Plaintiff Steven Szanto ("plaintiff"), on behalf of himself and all others similarly situated, by his attorneys Berke-Weiss & Pechman LLP and Raymond Nardo, P.C. complaining of defendants, Il Bacco Ristorante, Inc. d/b/a Il Bacco ("Il Bacco"), and Joseph Oppedisano (collectively referred to herein as "defendants"), alleges:

**NATURE OF THE ACTION**

1. This action is brought to recover unpaid minimum wages, unpaid overtime wages and spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL").

2. Il Bacco has failed to comply with the requirements of the FLSA and NYLL by failing to compensate its employees at the statutory minimum wage and overtime rates, failing to pay spread-of-hours, and unlawfully retaining gratuities owed to the restaurant's waitstaff.

3. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions and compensation for unpaid minimum wages, overtime and unpaid spread-of-hours pay, liquidated damages, compensatory damages, punitive damages,

pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

4. This action also seeks to recover misappropriated "service charges" which Il Bacco led its customers to believe were gratuities to be paid in their entirety to their service staff but which were actually skimmed by the house. This practice was held by the New York Court of Appeals in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008), to be unlawful. The Court of Appeals in *Samiento* stated:

> We conclude that a charge that is not a voluntary payment may be a "charge purported to be a gratuity" within the meaning of the statute.

*Id*. at 74.

5. The *Samiento* case relied on NYLL § 196-d, which requires that:

> No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee.

## JURISDICTION

6. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

7. Venue is proper in the Eastern District of New York under 28 U.S.C. §1391, as Il Bacco is located in the Eastern District of New York.

## THE PARTIES

**Plaintiff**

8. Steven Szanto ("Szanto") resides in Queens, New York. Szanto worked as a waiter at Il Bacco from on or about July 1, 2011 until on or about November 10, 2012.

9. At all times relevant to this action, Szanto has been an employee engaged on behalf of the defendants in commerce or the production of goods for commerce.

**Defendants**

10. Defendant Il Bacco Ristorante, Inc. is a New York corporation that owns and operates Il Bacco, a restaurant located at 253-24 Northern Boulevard, Little Neck, NY 11363. Il Bacco prepares and serves Italian cuisine for customers on its premises.

11. Defendant Il Bacco Ristorante, Inc. d/b/a Il Bacco is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Il Bacco has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

12. Defendant Joseph Oppedisano ("Oppedisano") is an owner of Il Bacco, and is sued individually in his capacity as an owner, officer and/or agent of Il Bacco. Oppedisano exercises sufficient control over Il Bacco's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein established and exercised authority regarding the pay practices at Il Bacco.

## COLLECTIVE ACTION ALLEGATIONS

13. The claims in this Complaint arising out of the FLSA are brought by plaintiff on behalf of himself and similarly situated persons (*i.e.* non-exempt waitstaff).

14. The FLSA Collective consists of similarly situated current and former employees of Il Bacco who fell within the category of "tipped employees" who customarily and regularly earn more than $30.00 per month in tips and, over the last three years, have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages.

15. At any given time, Il Bacco employs approximately fifteen (15) waiters, busboys, and runners (the "waitstaff"), who fall under the category of "tipped employees" pursuant to 29 U.S.C. § 203(t).

16. As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, the following:

a. depriving the waitstaff of tips that they earned;

b. failing to pay employees the minimum wage for all hours worked;

c. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

d. failing to keep accurate records of hours worked by employees as required by the FLSA and the NYLL; and

e. shaving hours of employees.

17. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and the NYLL.

18. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to plaintiff and the FLSA Collective.

19. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Il Bacco and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

**TIME SHAVING AT IL BACCO**

20. Il Bacco has a policy and practice of shaving hours off of its employees' time records, paying them for significantly fewer hours than they actually worked.

21. Szanto regularly worked as a waiter three (3) to six (6) days a week.

22. Throughout his employment, Szanto regularly worked approximately thirty (30) to sixty (60) hours per week.

23. Szanto did not regularly take a break during his shifts, and if he did, he was not permitted to leave the restaurant.

24. Szanto was required to punch-in and punch-out at the beginning and end of each shift, but he was not paid for all hours worked. For example, for the work week of August 20, 2012 through August 26, 2012, Szanto's time cards reflect forty-four (44) hours worked but his paycheck reflected only thirty-five (35) hours paid.

25. Il Bacco shaved approximately five (5) to nineteen (19) hours from Szanto's weekly paychecks.

26. Other waitstaff at Il Bacco similarly did not receive pay for all hours they worked.

**THE UNLAWFUL RETENTION OF SERVICE CHARGES**

27. Section 196(d) of the NYLL provides that an employer cannot accept "any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

28. At Il Bacco, the entire second floor is reserved for catering events. Such events can accommodate between 30 to 180 guests.

29. The waitstaff frequently worked banquets and private parties.

30. Il Bacco would negotiate a "service charge" with the customer for these events, regularly eighteen percent (18%) of the total bill.

31. Upon information and belief, customers believed these service charges were gratuities which would be distributed to the waitstaff. These "service charges," however, were not remitted in their entirety to the waitstaff.

32. Il Bacco's skimming of gratuities from the waitstaff violated Section 196(d) of the NYLL.

**THE FAILURE OF IL BACCO TO PAY WAGES AND OVERTIME PAY FOR ALL HOURS WORKED OVER FORTY**

33. The FLSA and NYLL require that employers pay all employees a minimum wage for all hours worked weekly up to forty (40).

34. The FLSA and NYLL requires that employers pay employees one and one-half (1½) their regular rate of pay for all hours in excess of forty (40) during any work week, unless they are exempt from coverage.

35. Il Bacco did not pay Szanto or the FLSA Collective at the minimum wage or overtime rate of one and one-half (1 ½) the regular hourly rate for *all* hours worked in excess of forty (40) per week, even though they often worked more than forty (40) hours. The exact accounting of such wage theft can only be determined for plaintiff and the FLSA Collective upon completion of discovery.

36. Throughout Szanto's employment, the Federal and New York State hourly minimum wage has been $7.25.

## TIP CREDIT VIOLATIONS

37. The FLSA and the NYLL allow employers of "tipped employees" to pay their tipped employees at a rate below the federal and state minimum wages. From July 24, 2009 to December 31, 2010, the New York State tip credit was $2.65 per hour. From January 1, 2011 until the present, New York State tip credit has been $2.25.

38. The FLSA provides that in order to be eligible for a "tip credit," employers of tipped employees must provide notice of their intention to take a tip credit and allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

39. Defendants never informed Szanto and the FLSA Collective that it was reducing their minimum wage by a tip allowance.

40. Because defendants unlawfully retained a portion of the waitstaff's tips and provided no notice of the tip credit, they were not entitled to reduce the minimum wages of plaintiffs and the other waitstaff employed at the restaurant by applying the tip credit allowance that is available under the FLSA and the NYLL.

41. Due to defendants' improper use of the tip credit, Il Bacco did not pay Szanto or the FLSA Collective at the appropriate minimum wage of $7.25 per hour.

## SPREAD OF HOURS PAY VIOLATION

42. Szanto and the FLSA Collective frequently work shifts that span more than ten (10) hours per day.

43. For example, Szanto regularly worked at least ten (10) hours per day at least three (3) days a week.

44. Il Bacco did not pay Szanto or the FLSA Collective the required spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which their workday spans more than ten (10) hours.

## DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT

45. Szanto never received a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

## FIRST CLAIM
**(Fair Labor Standards Act – Unpaid Minimum Wage)**

46. Plaintiff repeats and realleges paragraphs 1 through 45 as if fully set forth herein.

47. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

48. Defendants were required to pay to plaintiff and the FLSA Collective the applicable federal minimum wage rate.

49. Defendants failed to pay plaintiff and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

50. Defendants failed to pay plaintiff and the FLSA Collective for the actual hours that they worked.

51. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA.

52. As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM**
**(New York Labor Law – Unpaid Minimum Wage)**

53. Plaintiff repeats and realleges paragraphs 1 through 52 as if fully set forth herein.

54. Defendants are employers within the meaning of NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiff.

55. Defendants failed to pay plaintiff and other waitstaff the minimum wages to which they were entitled under the NYLL.

56. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff and other waitstaff the minimum hourly wage.

57. As a result of defendants' violations of the NYLL, plaintiff and other waitstaff are entitled to recover unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**(Fair Labor Standards Act – Unpaid Overtime)**

58. Plaintiff repeat and realleges paragraphs 1 through 57 as if fully set forth herein.

59. Defendants are required to pay plaintiff and the FLSA Collective one and one-half (1½) times the regular rate of pay for all hours they worked in excess of forty

(40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

60. Defendants have failed to pay plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

61. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff and the FLSA Collective overtime wages.

62. Due to defendants' violations of the FLSA, plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**FOURTH CLAIM**
**(New York Labor Law – Unpaid Overtime)**

63. Plaintiff repeats and realleges paragraphs 1 through 62 as if fully set forth herein.

64. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff and other waitstaff one and one (1½) half times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek.

65. Defendants have failed to pay plaintiff and other waitstaff the overtime wages to which they were entitled under the NYLL.

66. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff and other waitstaff overtime wages.

67. Due to defendants' willful violations of the NYLL, plaintiff and other waitstaff are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

**FIFTH CLAIM**
**(New York Labor Law – Spread of Hours Pay)**

68. Plaintiff repeats and realleges paragraphs 1 through 67 as if fully set forth herein.

69. Defendants have willfully failed to pay plaintiff and other waitstaff additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten (10) hours.

70. By defendants' failure to pay plaintiff and other waitstaff spread-of-hours pay, defendants have willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

71. Due to defendants' willful violations of the NYLL, plaintiff and other kitchen workers are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and liquidated damages.

**SIXTH CLAIM**
**(New York Labor Law Article 6 – Unlawful Retention of Service Charges)**

72. Plaintiff repeats and realleges paragraphs 1 through 71 as if fully set forth herein.

73. At all times relevant, plaintiff and the waitstaff have been employees within the meaning of NYLL §§ 190, *et seq*., and any supporting New York State Department of Labor regulations.

74. At all times relevant, Il Bacco has been an employer within the meaning of NYLL §§ 190, *et seq*., and any supporting New York State Department of Labor regulations.

75. At all times relevant, defendants have been employers, agents, and/or officers within the meaning of NYLL § 196-d and any supporting New York State Department of Labor regulations.

76. The wage payment provisions of Article 6 of the NYLL and any supporting New York State Department of Labor Regulations apply to Il Bacco and protect plaintiff and the waitstaff.

77. Il Bacco unlawfully retained a portion of the service charges and gratuities earned by plaintiff and the waitstaff during banquet events in violation of the NYLL and supporting New York State Department of Labor Regulations.

78. By Il Bacco's knowing or intentional demand for, acceptance of and/or retention of a portion of the service charges paid by customers for banquet events, when such customers had a reasonable expectation that such service charges would be paid in their entirety as gratuities to plaintiff and waitstaff, Il Bacco willfully violated NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. § 137-2.5.

79. Due to Il Bacco's willful violation of the NYLL, plaintiff and the waitstaff are entitled to recover from defendants their unpaid wages, reasonable attorneys' fees, liquidated damages, costs, and pre-judgment and post-judgment interest.

**SEVENTH CLAIM**
**(New York Labor Law – Wage Theft Prevention Act)**

80. Plaintiff repeats and realleges paragraphs 1 through 79 as if fully set forth herein.

81. Defendants failed to furnish to plaintiff and other waitstaff, at the time of hiring or prior to February 1, 2012 with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or

lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

82. Due to defendants' violation of the NYLL § 195(1), plaintiff and other waitstaff are entitled to recover from defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

83. As a result of defendants' willful violations of the FLSA, plaintiff and other waitstaff are entitled to recover from defendants for front-pay, back-pay, mental anguish, punitive damages, reasonable attorneys' fees, liquidated damages and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

a. authorizing the issuance of notice at the earliest possible time to all tipped employees who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. declaring that defendants have violated the minimum wage provisions of the FLSA and the NYLL;

c. declaring that defendants have violated the overtime provisions of the FLSA and the NYLL;

d. declaring that defendants have violated the spread-of-hours provisions of the NYLL and the New York State Department of Labor Regulations;

e. declaring that defendants' violations of the FLSA and NYLL were willful;

f. awarding plaintiff and the FLSA Collective damages for unpaid minimum wages;

g. awarding plaintiff and the FLSA Collective damages for unpaid overtime wages;

h. awarding plaintiff liquidated damages as a result of defendants' failure to furnish a notice at the time of hiring pursuant to the NYLL;

i. disgorging from defendants and ordering that defendants remit back the amount of the tips misappropriated from the wages of plaintiffs and the FLSA Collective;

j. awarding plaintiff and the FLSA Collective liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

k. awarding plaintiff and the FLSA Collective pre-judgment and post judgment interest under the FLSA and the NYLL;

l. awarding plaintiff and the FLSA collective reasonable attorneys' fees and costs pursuant the FLSA and the NYLL;

m. awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated: New York, New York
April 23 , 2013

BERKE-WEISS & PECHMAN LLP

By:________________________
Louis Pechman
Jessica N. Tischler
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiff*

and

RAYMOND NARDO, P.C.

By:________________________
Raymond Nardo
129 Third Street
Mineola, New York 11501
(516) 248-2121
*Attorneys for Plaintiff*